DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-351-FDW
(3:07-cr-166-FDW-1)

| | |
|---|---|
| MICHAL ZAKRZEWSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Motion to Dismiss, (Doc. Nos. 3), and on the Government's renewed Motion to Dismiss, (Doc. No. 6).

**I. BACKGROUND**

On July 25, 2007, a federal grand jury in the Western District of North Carolina returned a 23-count indictment charging Petitioner with conspiracy to defraud, in violation of 18 U.S.C. § 371, as enhanced by 18 U.S.C. § 2326 (Count 1), and wire fraud, in violation of 18 U.S.C. § 1343, as enhanced by 18 U.S.C. § 2326 (Counts 2-23). (Criminal Case No. 3:07-cr-166, Doc. No. 7: Indictment). On August 12, 2009, Petitioner entered into a written plea agreement, in which he agreed to plead guilty to Counts 1 and 8 in exchange for the dismissal of the remaining counts. (Id., Doc. No. 19: Plea Agreement; Doc. No. 20: Acceptance and Entry of Guilty Plea).

On September 22, 2009, this Court sentenced Petitioner to 126 months' imprisonment, to be followed by three years' supervised release, and ordered him to pay $4,291,473.00 in restitution to specified victims. (Id., Doc. No. 29: Judgment). On September 28, 2010,

Petitioner filed a motion under 28 U.S.C. § 2255(a), alleging that his counsel neglected to file a notice of appeal. (Id., Doc. No. 35: Motion to Vacate). This Court granted that motion and vacated its judgment and, on October 4, 2010, entered an amended judgment. (Id., Doc. No. 36: Order; Doc. No. 37: Amended Judgment). Petitioner filed a notice of appeal that same day. On appeal, Petitioner challenged his sentence, which included the Court's restitution order.

On appeal, the Fourth Circuit Court of Appeals found no error with regard to Petitioner's sentencing but found that this Court erred in setting the amount of restitution owed by Petitioner. Accordingly, on February 2, 2012, the Fourth Circuit vacated the restitution order and remanded the case to this Court for further proceedings consistent with the Fourth Circuit's order. See United States v. Zakrzewski, 462 Fed. App'x (4th Cir. 2012). The restitution issue is still pending before this Court, and Petitioner's re-sentencing hearing is scheduled for December 2, 2013. See (Criminal Case No. 3:07-cr-166, Doc. Entry dated October 2, 2013).

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

When a case is remanded to the district court for further proceedings—retrial or resentencing that could result in additional appellate review, the defendant's judgment of conviction becomes final only upon exhaustion of appellate review following the remand. Thus, the defendant may

timely file a Section 2255 motion within one year of the exhaustion of appellate review following the remand. See United States v. Dodson, 291 F.3d 268, 274-76 (4th Cir. 2002). Here, Petitioner's motion to vacate will be dismissed without prejudice because the restitution issue is still pending before this Court, and Petitioner's judgment is, therefore, not final.

## IV. CONCLUSION

In sum, Petitioner's Section 2255 motion will be dismissed without prejudice to re-file when Petitioner's judgment becomes final.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed without prejudice.

2. The Government's Motion to Dismiss, (Doc. No. 3), and its renewed Motion to Dismiss, (Doc. No. 6), are **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural

ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 18, 2013

Frank D. Whitney
Chief United States District Judge